MARGO A. RAISON, COUNTY COUNSEL
COUNTY OF KERN, STATE OF CALIFORNIA
By: Kathleen S. Rivera (211606)
Kern County Administrative Center
1115 Truxtun Avenue, Fourth Floor
Bakersfield, CA 93301
Telephone 661-868-3800
Fax 661-868-3805
Attorneys for Defendants

BARRETT S. LITT (45527)
KEVIN J. LaHUE (237556)
BEN SHAW (319194)
McLANE, BEDNARSKI & LITT, LLP
975 East Green Street
Pasadena, CA 91106
Telephone 626-844-7660
Fax 626-844-7670
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA ELIA RODRIGUEZ, SANTIAGO RODRIGUEZ, AND THE ESTATE OF JOSE LUIS RODRIGUEZ,<br><br>              Plaintiff,<br>   v.<br><br>COUNTY OF KERN, SHERIFF DONNY YOUNGBLOOD, COMMANDER MARK WARREN, BILL WALKER, NURSE BLANK, TINE MARIE GONZALES L.V.N., DEPUTY LAURA ESCOBAR (#203169), AND DOES 1-10, INCLUSIVE,<br><br>              Defendants, | CASE NO. 1:21-cv-01405-DAD-BAM<br><br>**STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER** |

The parties in this matter jointly present this Protective Order for the Court's approval:

<b>PROTECTIVE ORDER</b>

**1.    PURPOSES AND LIMITATIONS:**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Specifically, the parties anticipate this may include the production of law enforcement personnel files. Further, the parties anticipate this may include documents and/or surveillance videos which would reveal security issues at the Kern County Lerdo Correctional facility which are not known to the inmate population or the general public. Accordingly, the parties in this case petition the Court to enter the following Protective Order. Good cause appearing, the Court ORDERS as follows:

This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.    DEFINITIONS:**

The following definitions shall govern the construction of this stipulation unless the context otherwise requires.

(a)    CONFIDENTIAL Information.  "CONFIDENTIAL Information" means any and all information regardless of format or medium, that qualify for protection under Federal Rule of Civil Procedure 26(c).  In the context of the present case, it also includes, but is not limited to: (1) any peace officer information protected by California Penal Code Section 832.7 and California Evidence Code Sections 1043 to 1047 and (2) documents and/or video which may implicate security measures taken at the Kern County Lerdo Correctional facility.

1

(b)     Disclosing Party: "Disclosing Party" means the party who discloses CONFIDENTIAL Information.

(c)     Information. "Information" means discovery obtained through the use of interrogatories, requests for admission, requests for production of documents and things, depositions, subpoenas or other Information obtained during discovery.

(d)     Notice.  "Notice" means reasonable notice under the circumstances.  The manner and amount of Notice shall be governed by the particular circumstances.

(e)     Person.  "Person" means person as defined in California Evidence Code § 175.

(f)     Documents. "Documents" means all written, recorded, graphic, or electronically stored matter whatsoever, by subpoena or by agreement, deposition transcripts and exhibits, interrogatory answers, responses to requests for admissions, and any portion of any Court papers that quote from the foregoing and any other disclosure or discovery material that is designated by the parties as "Confidential."  The term "documents" is limited to material or information produced in the above-captioned litigation.

**3.     <u>SCOPE AND INTENT:</u>**

(a)     Until further order of the Court or stipulation of the parties, all Information designated as "CONFIDENTIAL" by the Disclosing Party, to the extent such Information discloses CONFIDENTIAL Information, shall be subject to this stipulation.  However, nothing in this stipulation shall prevent any party from seeking a modification of this stipulation or objecting to the designation of Information as CONFIDENTIAL Information which the party believes to be otherwise improper.

(b)     The purpose and intent of this Order is to protect CONFIDENTIAL Information produced by both parties.  Nothing in this stipulation shall be construed to change existing law or shift existing burdens. The Parties acknowledge that this Order does not confer blanket protections on all disclosures, or responses to discovery, and that the protection it affords extends only to the limited information, or items, that are entitled under the applicable legal principles to treatment as confidential.

2

(c)      The protections conferred by this Stipulated Protective Order cover not only Confidential Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information.

(d)      The parties recognize and acknowledge that some CONFIDENTIAL Information which may be sought is so sensitive that a party may refuse to disclose the Information even under the protection of this stipulation.  In such event, this stipulation shall not be deemed consent or an admission that such Information is discoverable and a party may resist disclosure until the matter has been heard by the Court.

(e)      This stipulation is the product of negotiations and, for purposes of construction and interpretation, shall not be deemed to have been drafted by one party.

(f)      This stipulation shall be submitted for the signature of the Judge assigned to this case in an ex parte manner without need of a formally noticed motion.

**4.      DESIGNATION OF "CONFIDENTIAL INFORMATION":**

Any Disclosing Party may designate Information, or any portion of such Information, as CONFIDENTIAL Information by placing the word "CONFIDENTIAL" on the Information. By designating Information as CONFIDENTIAL, the Disclosing Party warrants that the designation is made in good faith and on reasonable belief that the Information so designated is CONFIDENTIAL Information as defined above.

**5.      ORAL DEPOSITION TESTIMONY:**

A party may designate as CONFIDENTIAL Information, Information disclosed during oral deposition by stating so on the record or in writing within 30 days from receipt of the transcript.  Where documents that have been designated as CONFIDENTIAL are entered into the record of a deposition or where CONFIDENTIAL Information is disclosed during deposition, such portion of the deposition containing CONFIDENTIAL Information shall be

3

separately bound and marked "CONFIDENTIAL – UNDER PROTECTIVE ORDER" in a conspicuous place and shall be subject to the provisions of this stipulation.

**6.      OBJECTION TO DESIGNATION:**

A party may at any time object to the designation of Information as CONFIDENTIAL and move the Court for an order declaring that such Information not be designated CONFIDENTIAL.

**7.      INFORMATION WHICH IS NOT CONFIDENTIAL:**

Notwithstanding the designation of Information as CONFIDENTIAL, such Information shall not be CONFIDENTIAL Information, nor shall disclosure be limited in accordance with this stipulation where such Information, is at the time of disclosure, in the public domain by publication otherwise.

**8.      CONFIDENTIAL INFORMATION OBTAINED FROM THIRD PARTIES:**

If CONFIDENTIAL Information is obtained from a third party, the third party may adopt the benefits and burdens of this stipulation.  Likewise, any party may designate material or Information obtained from a third party as CONFIDENTIAL.

**9.      INADVERTENT FAILURE TO DESIGNATE:**

An inadvertent failure to designate qualified information or items as CONFIDENTIAL does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as Confidential after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**10.     DOCUMENTS FILED WITH THE COURT:**

If a party wishes to file documents with the Court which contain material designated CONFIDENTIAL, that party SHALL comply with Local Rules 140 and 141.

/ / /

/ / /

4

**11.     DISSEMINATION TO THIRD PARTIES:**

(a)     CONFIDENTIAL Information shall be disclosed only to the parties to this stipulation, their experts, consultants, and counsel.  Before any person receives access to CONFIDENTIAL Information, each shall execute a copy of the form attached hereto as Exhibit A, reciting that he, she or it has read a copy of this stipulation and agrees to be bound by its terms.

(b)     If any person who has obtained CONFIDENTIAL Information under the terms of this stipulation receives a subpoena commanding the production of CONFIDENTIAL Information, such person shall promptly notify the Disclosing Party of the service of the subpoena.  The person receiving the subpoena shall not produce any CONFIDENTIAL Information in response to the subpoena without either the prior written consent of the Disclosing Party or order of the Court.

**12.     USE OF CONFIDENTIAL INFORMATION DURING TRIAL:**

The Parties will identify in their exchange of Pre-Trial exhibit lists any documents they intend to use which are CONFIDENTIAL.  If a party intends to introduce into evidence any CONFIDENTIAL Information at trial, which the opposing party has objected to in the exchange of Pre-Trial exhibit lists, that party SHALL notify the Court in the joint pretrial conference statement of this intention and SHALL seek an order related to the introduction of this evidence at trial.  The moving party SHALL comply with the Court's pretrial order regarding whether this order will be sought in limine or otherwise.   If a party seeks to introduce at trial evidence which that party has designated as CONFIDENTIAL Information, other parties which desire to use said information, are not required to notify the Court of the intent to use the CONFIDENTIAL Information.

A party may also seek to use CONFIDENTIAL Information for purposes of rebuttal but are required to notify the Court prior to introducing the evidence at trial.

/ / /

/ / /

5

**13.     DUTY TO USE REASONABLE CARE:**

All persons bound by this stipulation shall have the duty to use reasonable care and precaution to prevent violations thereof.

**14.     RETURN/DESTRUCTION OF DOCUMENTS:**

Within 60 days after final termination of this action, including all appeals, each party shall be responsible for returning or destroying all original and/or copies of all CONFIDENTIAL Information produced during the course of this action and subject to this order, including all excerpts thereof.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**15.     MODIFICATIONS AND AMENDMENTS:**

Except as to those modifications made by the Court, this stipulation may be modified or amended without leave of Court by unanimous written agreement of the parties hereto.

///

///

///

///

///

6

**16.     DURATION OF STIPULATION:**

Provided the court makes this stipulation an order of the Court, this stipulation shall survive and remain in full force and effect after the termination of this lawsuit, whether by final judgment after exhaustion of all appeals or by dismissal, and the Court shall retain jurisdiction over the parties and their attorneys for the purpose of enforcing the terms of this stipulation.

Respectfully submitted,

Dated: February 1, 2022          MARGO A. RAISON, COUNTY COUNSEL


By:  */s/ Kathleen Rivera*
         Kathleen Rivera, Deputy
         Attorneys for Defendants

Dated: February 1, 2022          McLANE, BEDNARSKI & LITT, LLP

By:  */s/ Kevin J. LaHue*
         Barrett S. Litt
         Kevin J. LaHue
         Ben Shaw
         Attorney for Plaintiffs

7

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the U.S. Magistrate in the case of *Rosa Elia Rodriguez, et al v. County of Kern, et al.*, USDC case no.: 1:21-cv-01405-DAD-BAM and I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

8

## **ORDER**

Based on the above-stipulation and finding good cause, the Court adopts the stipulated protective order.  The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion.  *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009).  Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

.

IT IS SO ORDERED.

Dated:   **February 3, 2022**          /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE

9